# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

**AVERY PATTERSON,**

    **Plaintiff,**

**VS.**                                      **Case No. 4:15cv596-WS/CAS**

**COLONEL D. VALENTINE,**
**et al.,**

    **Defendants,**
_____/

## ORDER and REPORT AND RECOMMENDATION

Plaintiff, an inmate proceeding pro se and in forma pauperis, filed a civil rights complaint under 42 U.S.C. § 1983 on December 4, 2013. ECF No. 1. Service was carried out on Plaintiff's behalf by the United States Marshals Service ["USMS"] on the eight (8) named Defendants. ECF Nos. 8, 12. A notice of appearance was filed on May 3, 2016, ECF No. 13, followed by Defendants' motion to dismiss, ECF No. 14, which was filed on May 16, 2016.

Defendants contend that Plaintiff's due process claim must be dismissed because Plaintiff obtained relief through the grievances

procedures. ECF No. 14 at 6-9. Additionally, Defendants contend Plaintiff's due process claim must be denied on the merits because he has not shown the deprivation of a protected liberty interest, *id.* at 10-14, and the Eighth Amendment claims should be dismissed for failing to state a claim. *Id.* at 14-18. Finally, Defendants raise Eleventh Amendment immunity as to the claims brought against them in their official capacities. *Id.* at 18.

Plaintiff is advised that pursuant to N.D. Fla. Loc. R. 7.1(C)(1), a party wishing to oppose a motion has "fourteen (14) days from the date of service of the motion in which to file and serve a responsive memorandum . . . in opposition to the motion." By virtue of this Order, Plaintiff is given additional time in which to respond. Plaintiff is advised that "[f]ailure to file a responsive memorandum may be sufficient cause to grant the motion." N.D. Fla. Loc. R. 7.1(C)(1). Plaintiff's response in opposition to the motion to dismiss must be filed by **June 20, 2016**.

On the same day Defendants filed the motion to dismiss, Plaintiff filed a motion for judgment on the pleadings. ECF No. 15. Plaintiff contends judgment should be entered because the notice of appearance was filed

after the 30 day deadline and because Defendants "failed to timely respond to the complaint." *Id.* at 2.

The Order directing service, ECF No. 8, directed counsel for Defendants to "file a notice of appearance within thirty (30) days of the date of service." The basis for that requirement is to ensure this litigation proceeds smoothly. It is not the basis for default.

The docket reflects that the Defendants were served on either March 15, 2016, or March 16, 2016. ECF No. 12. The service Order directed Defendants to file a response within 60 days of service pursuant to Rule 4(d). Sixty days from March 15, 2016, is May 17, 2016. The motion to dismiss was filed on May 16, 2016, and is timely, Plaintiff had not yet received the motion to dismiss at the time he filed his motion for judgment on the pleadings. By now, Plaintiff should have received Defendants' motion to dismiss, ECF No. 14, and he is now aware that Defendants have not defaulted, but are actively defending against Plaintiff's claims as required by Rule 12. Plaintiff's motion, ECF No. 15, was prematurely filed and should be denied.

## ORDER

Accordingly, it is **ORDERED:**

1. Plaintiff shall have until **June 20, 2016**, in which to file a response in opposition to the motion to dismiss, ECF No. 14.  Ruling is **DEFERRED**.

2. Plaintiff shall immediately file a notice to the Clerk's Office in the event his address changes, he is transferred, or released from custody.

## RECOMMENDATION

It is respectfully **RECOMMENDED** that Plaintiff's motion for judgment on the pleadings, ECF No. 15, be **DENIED** and this case be **REMANDED** for further proceedings.

**IN CHAMBERS** at Tallahassee, Florida, on May 18, 2016.

     s/    Charles A. Stampelos
**CHARLES A. STAMPELOS
UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 14 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**