IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

AVERY PATTERSON,

    Plaintiff,

VS.                              Case No. 4:15cv596-WS/CAS

COLONEL D. VALENTINE,
et al.,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiff, an inmate proceeding pro se and in forma pauperis, filed a civil rights complaint against eight Defendants, all of whom are prison officials at Madison Correctional Institution. ECF No. 1. Defendants filed a motion to dismiss Plaintiff's complaint pursuant to Rule 12(b)(6), claiming that the relief Plaintiff obtained through the Department of Corrections' grievance procedures cured the alleged due process violations. ECF No. 14 at 6-9. Additionally, Defendants argue that Plaintiff did not suffer a due process violation because he lacked a protected liberty interest. *Id.* at 10-14. Defendants also contend that Plaintiff's complaint fails to state viable

Eighth Amendment claims. ECF No. 14 at 14-18. Finally, Defendants raise the Eleventh Amendment as a bar to claims brought against them in their official capacities. *Id.* at 18. Plaintiff was advised of his obligation to respond to the motion to dismiss, *see* ECF No. 16, and his response was timely filed. ECF No. 20. The motion is ready for a ruling.

**Standard of Review**

The issue on whether a complaint should be dismissed pursuant to Fed.R.Civ.P. 12(b)(6) for failing to state a claim upon which relief can be granted is whether the plaintiff has alleged enough plausible facts to support the claim stated. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) (retiring the standard from Conley v. Gibson, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949, 173 L.Ed. 2d 868 (2009) (quoting Twombly, 550 U.S. at 570, 127 S.Ct. 1955).[1] "A claim has facial plausibility

---

[1] The complaint's allegations must be accepted as true when ruling on a motion to dismiss. Oladeinde v. City of Birmingham, 963 F.2d 1481, 1485 (11th Cir. 1992), *cert. denied,* 113 S. Ct. 1586 (1993). Dismissal is not permissible because of "a judge's disbelief of a complaint's factual allegations." Twombly, 127 S.Ct. at 1965 (quoting Neitzke v. Williams, 490 U.S. 319, 327, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989)).

when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 677 (citing Twombly, 550 U.S. at 556); *see also* Speaker v. U.S. Dep't of Health, 623 F.3d 1371, 1380 (11th Cir. 2010). The "plausibility standard" is not the same as a "probability requirement," and "asks for more than a sheer possibility that a defendant has acted unlawfully." Iqbal, 556 U.S. at 677 (quoting Twombly, 550 U.S. at 556). A complaint that "pleads facts that are 'merely consistent with' a defendant's liability," falls "short of the line between possibility and plausibility." Iqbal, 129 556 U.S. at 677 (quoting Twombly, 550 U.S. at 557).

The pleading standard is not heightened, but flexible, in line with Rule 8's command to simply give fair notice to the defendant of the plaintiff's claim and the grounds upon which it rests. Swierkiewicz v. Sorema, 534 U.S. 506, 122 S.Ct. 992, 998, 152 L.Ed.2d 1 (2002) ("Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions."). Pro se complaints are held to less stringent standards than those drafted by an attorney. Wright v. Newsome, 795 F.2d 964, 967 (11th Cir. 1986) (citing Haines v. Kerner, 404 U.S. 519, 520-521, 92 S.Ct. 594, 596, 30 L.Ed.2d 652 (1972)). Nevertheless, a complaint must provide sufficient notice of

Page 4 of 17

the claim and the grounds upon which it rests so that a "largely groundless claim" does not proceed through discovery and "take up the time of a number of other people . . . ." Dura Pharmaceuticals, Inc. v. Broudo, 544 U.S. 336, 125 S.Ct. 1627, 161 L.Ed.2d 577 (2005) (quoted in Twombly, 550 U.S. at 558). The requirements of Rule 8 do "not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." Iqbal, 556 U.S. at 678-79, 129 S.Ct. at 1949. A complaint does not need detailed factual allegations to survive a motion to dismiss, but Rule 8 "demands more than an unadorned, the-defendant-unlawfully- harmed-me accusation." 556 U.S. at 678, 129 S.Ct. at 1949. Thus, "conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal." Davila v. Delta Air Lines, Inc., 326 F.3d 1183, 1185 (11th Cir. 2003).

**Allegations of the complaint**

Plaintiff's complaint alleged that on September 17, 2015, he was summoned to the Colonel's office for an investigation being conducted concerning a disrespectful "inmate request" which, it was alleged, Plaintiff had written using another inmate's name. ECF No. 1 at 5. After questioning Plaintiff, Defendant Valentine insisted that Plaintiff was guilty

and Plaintiff was given an "ultimatum" that if he pled guilty and accepted a walking D.R., he would "not be confined." *Id.* Plaintiff continued to deny writing the "inmate request," but Plaintiff was deemed to be "guilty" and was sent for a "pre-confinement" physical. *Id.* at 8. Approximately four days later, Plaintiff was served a disciplinary report which he alleges was false. *Id.* Plaintiff filed a grievance concerning the disciplinary report and asserted his innocence. *Id.* at 9. The grievance was denied. *Id.*

On September 24, 2015, Plaintiff appeared before the disciplinary hearing team. *Id.* at 9. Plaintiff was found guilty and sentenced to 30 days in disciplinary confinement.[2] *Id.* at 10. Plaintiff filed an appeal on October 5, 2015. ECF No. 1 at 10. Plaintiff indicates the disciplinary report was overturned on October 30, 2015, after he served 34 days in "solitary confinement." *Id.*

While in confinement, Plaintiff had a medical issue which was determined to stem from "bacteria found in the food" served to him while in confinement. *Id.* at 10-11. Plaintiff was given medical treatment, prescribed medications, and also provided mental health treatment. *Id.*

---

[2] Defendants' motion to dismiss clarifies that Plaintiff did not lose gain time. ECF No. 14 at 4.

Plaintiff raises claims against the Defendants for a violation of his due process rights in connection with the disciplinary report and a violation of his Sixth and Fourteenth Amendment rights. ECF No. 1 at 12. He also asserts a conspiracy claim and an Eighth Amendment claim. *Id.* Plaintiff sues the Defendants in their individual and official capacities. *Id.* at 11.

## Analysis

**1.   No Due Process Claim**

Defendants contend that because Plaintiff's use of the grievance procedure "resulted in expungement of the DR from Plaintiff's inmate record," he does not have a due process claim. ECF No. 14 at 6-8. Defendants argue that when a "mistake in the disciplinary process" is corrected, it "cannot possibly lead to a due process violation." *Id.* at 7. That is so, Defendants contend, because "what is unconstitutional is the not the deprivation of a life, liberty or property, but the deprivation of the interest without due process of law." ECF No. 14 at 7 (citing Zinermon v. Burch, 494 U.S. 113, 125, 110 S.Ct. 975, 983 (1990)).

As a second basis for dismissal, Defendants contend that even though the alleged due process violations were cured when the disciplinary report was overturned, Plaintiff has not "shown a deprivation of any liberty

interest when he only received disciplinary confinement . . . ." ECF No. 14 at 10-11.  Plaintiff argues in response that Defendants conspired to deprive him "of a protected liberty interest." ECF No. 20 at 4.  He maintains that the conspiracy "ultimately lead to the deprivation of a protected liberty interest . . . that has created atypical hardship on the plaintiff in relation to the ordinary incidents of prison life." *Id.* at 5.  Plaintiff suggests that his "psychological and physical injuries" imposed "atypical and significant hardship on him." *Id.* at 7.  Plaintiff argues that he was deprived of "routine prison life" and the "conditions he endured are far greater than those experienced by an average inmate on day to day prison life." *Id.*  Plaintiff also claims that because his medical needs required him "to be transferred to Tomoka C.I. he lost his good adjustment [transfer] to be closer to his family . . . ." *Id.*

Only Defendants' second argument need be addressed because it is determinative.  The Due Process Clause of the Fourteenth Amendment prohibits state action that deprives "any person of life, liberty, or property, without due process of law." U.S. CONST. amend. XIV.  While prisoners may "claim the protections of the Due Process Clause," Wolff v. McDonnell,

418 U.S. 539, 556, 94 S.Ct. 2963, 2974, 41 L.Ed.2d 935 (1974),[3] due process does not exist in a vacuum.  Due process exists to protect a liberty interest.  Because Plaintiff was not deprived of his life or property, he is "entitled to due process only if he was deprived of 'liberty" within the meaning of the Fourteenth Amendment."  Kirby v. Siegelman, 195 F.3d 1285, 1290 (11th Cir. 1999) (holding that an inmate who has not been convicted of a sex crime "is entitled to due process before the state declares him to be a sex offender") (citing Bass v. Perrin, 170 F.3d 1312, 1318 (11th Cir. 1999)).

In Sandin v. Conner, 515 U.S. 472, 484-86, 115 S.Ct. 2293, 2300 (1995), the Supreme Court held that an inmate is entitled to the due process protection outlined in Wolff v. McDonnell only if he can show the deprivation of a "protected liberty interest."  In the usual case, the forfeiture of gain time is a protected liberty interest.  Plaintiff did not have earned gain time forfeited as a result of the disciplinary report at issue in this case. Indeed, had Plaintiff lost such gain time, these claims could not proceed as

---

[3] Wolff v. McDonnell held that before an inmate could lose good-time credits, the Due Process Clause requires prisoners (1) be given advance written notice of a charged disciplinary violation, (2) a written statement of factual findings, and (3) the right to call witnesses and present documentary evidence where such would not be unduly hazardous to institutional safety or correctional goals.

they would be barred under Heck v. Humphrey, 512 U.S. 477, 114 S. Ct. 2364, 2372, 129 L. Ed. 2d 383 (1994), and Edwards v. Balisok, 520 U.S. 641, 117 S. Ct. 1584, 137 L. Ed. 2d 906 (1997).  That is so because a claim for damages that is related to a sentence or conviction that has not yet been reversed or invalidated is not cognizable under 42 U.S.C. § 1983. Heck, 114 S. Ct. at 2372.

In Sandin v. Conner, the Supreme Court reiterated that "'[l]awful incarceration brings about the necessary withdrawal or limitation of many privileges and rights, a retraction justified by the considerations underlying our penal system.'"  Sandin, 515 U.S. at 485, 115 S. Ct. at 2301 (quoting Price v. Johnston, 334 U.S. 266, 285, 68 S.Ct. 1049, 1060, 92 L.Ed. 1356 (1948)).  "Discipline by prison officials in response to a wide range of misconduct falls within the expected perimeters of the sentence imposed by a court of law."  Sandin, 515 U.S. at 485, 115 S. Ct. at 2301.  Thus, a due process interest arises only if a prisoner can show "a dramatic departure from the basic conditions of" prison life.  515 U.S. at 485, 115 S. Ct. at 2301.

In this case, Plaintiff quotes from Sandin to assert that he has suffered an "atypical, significant deprivation," but Plaintiff has presented no

Case No. 4:15cv596-WS/CAS

facts in support of that conclusory allegation. In general, placement in confinement alone is not sufficient to state a due process claim. In Rodgers v. Singletary, 142 F.3d 1252, 1253 (11th Cir. 1998), the Eleventh Circuit held that an inmate who was held in administrative confinement for approximately two months while pending charges were resolved failed to show the deprivation of a protected liberty interest as required by Sandin. That was so notwithstanding the prisoner's claim that a false disciplinary report had been filed against him and the charge was dismissed "because the case was not heard within seven days," but he continued to be held in confinement. *Id.* at 1252-53.

In a more recent follow-up case, a prisoner attempted to demonstrate "various hardships associated with his confinement" to support a due process claim for time spent in confinement when there was no corresponding loss of gain time. Smith v. Deemer, 641 F. App'x 865, 867 (11th Cir. 2016).

> He asserted that he was confined to a relatively small cell with a cellmate who had not been screened for compatibility; the cell felt cold, partly because he is "particularly cold sensitive"; cell lighting generally remained on from early morning until late at night; he was deprived of some personal property, including medicated shampoo; he had fewer changes of clothing and opportunities to shower than the regular prison population; he

> was not provided a toothbrush and toothpaste; the meals were mostly no longer hot when they arrived; he could not lock a storage area in the cell; out-of-cell time was limited; library access was restricted; he had no telephone or television access; and he had no writing surface in his cell.

Smith, 641 F. App'x at 867. The Eleventh Circuit affirmed the dismissal of his case, concluding that "[h]is complaints, though numerous, are neither severe enough nor of such duration as to constitute violations of a protected liberty interest." 641 F. App'x at 868.

Plaintiff has suggested that medical needs caused him significant harm, especially in light of the fact that he has to be transferred to Tomoka C.I. for treatment and then was unable to be transferred to be closer to his family. Yet there are no allegations which suggest that Plaintiff would not have been sick regardless of where he was housed. Plaintiff's complaint does not sufficiently demonstrate a severe, significant deprivation, nor did he provide specific factual allegations which show that his 34 days in confinement were atypical to "ordinary prison life." The due process claim should be dismissed.

## 2. Eighth Amendment Claim

Defendants' also contend that Plaintiff's "confinement does not offend the Eighth Amendment even when the DR was eventually overturned."

Case No. 4:15cv596-WS/CAS

ECF No. 14 at 14.  Defendants argue that Plaintiff cannot demonstrate wither the subjective or objective component of an Eighth Amendment claim.  *Id.* at 14-16.  In response, Plaintiff contends that Defendants acted with malice after he declined to accept the ultimatum given to him by Defendant Valentine.  ECF No. 20 at 10.  He further argues that "he was forced to endure unecessary [sic] 'abdominal bleeding' for approximately 3-4 weeks while still housed in confinement."  *Id.*

Although Plaintiff's complaint did not expressly raise an Eighth Amendment claim, the parties have addressed this claim.  In the "prison context, three distinct Eighth Amendment claims are available . . . each of which requires a different showing to establish a constitutional violation." Thomas v. Bryant, 614 F.3d 1288, 1303-04 (11th Cir. 2010).  Defendants' arguments are premised on this claim as a conditions of confinement claim while Plaintiff's response suggests that he is raising a deliberate indifference to medical needs claim.  Both are addressed.

The Eighth Amendment governs the conditions under which convicted prisoners are confined and the treatment they receive while in prison.  Farmer v. Brennan, 511 U.S. 825, 832, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994).  Although the Amendment does not require

comfortable prisons, it prohibits inhumane ones.  *Id.*  The Eighth Amendment guarantees that prisoners will not be "deprive[d] ... of the minimal civilized measure of life's necessities."  Rhodes v. Chapman, 452 U.S. 337, 347, 101 S.Ct. 2392, 2399, 69 L.Ed.2d 59 (1981) (quoted in Chandler v. Crosby, 379 F.3d 1278, 1289 (11th Cir. 2004)).  "[B]asic human necessities include food, clothing, shelter, sanitation, medical care, and personal safety."  Harris v. Thigpen, 941 F.2d 1495, 1511 (11th Cir. 1991) (cited in Collins v. Homestead Corr.l Inst., 452 F.App'x 848, 850-851 (11th Cir. 2011)).  "[T]o make out a claim for an unconstitutional condition of confinement, 'extreme deprivations' are required . . . ."  Thomas v. Bryant  614 F.3d 1288, 1304, 1306-07 (11th Cir. 2010) (concluding that non-spontaneous use of chemical agents on inmates with mental illness violated the Eighth Amendment) (citing Hudson v. McMillian, 503 U.S. 1, 9, 112 S.Ct. 995, 117 L.Ed.2d 156 (1992)).  Plaintiff's allegations do not demonstrate that he suffered an "extreme" deprivation.  He does not allege that he was not provided food, clothing, medical care, and the like.  Any claim that the food was contaminated causing Plaintiff to suffer from a bacteria is insufficient as an Eighth Amendment claim because he does not sufficiently allege a (1) condition of confinement that inflicted unnecessary

pain or suffering (the objective component), (2) deliberate indifference to that condition (the subjective component), and (3) causation. LaMarca v. Turner, 995 F.2d 1526, 1535 (11th Cir. 1993), *cert. denied*, 510 U.S. 1164 (1994) (citations omitted). The only suffering Plaintiff alleged was due to his medical condition. No Defendant is alleged to have been the cause of his medical needs, nor does Plaintiff drawn a causal connection between any named Defendant and the food service. Moreover, there are no allegations that any named Defendant knew of his medical problem and refused to provide Plaintiff assistance or otherwise ignored requests for help.

    As an Eighth Amendment medical needs claim, the complaint is devoid of any allegations which indicate any named Defendant or any other medical provider was deliberately indifferent to Plaintiff's medical needs. Plaintiff alleged that while he was in confinement he was examined by a nurse who, in turn, scheduled Plaintiff to see the doctor. Plaintiff was evaluated and testing was ordered which revealed Plaintiff had a bacteria. Plaintiff was then given medication to treat the problem. Accordingly, Plaintiff's complaint is insufficient to allege a plausible Eighth Amendment claim and the motion to dismiss should be granted as to this claim as well.

Case No. 4:15cv596-WS/CAS

### 3. Conspiracy Claim

Plaintiff has sought to assert a claim of a conspiracy between Defendants. "[T]he intracorporate conspiracy doctrine holds that acts of corporate agents are attributed to the corporation itself, thereby negating the multiplicity of actors necessary for the formation of a conspiracy." McAndrew v. Lockheed Martin Corp., 206 F.3d 1031, 1036 (11th Cir. 2000) (en banc) (quoted in Grider v. City of Auburn, 618 F.3d 1240, 1261 (11th Cir. 2010)). The doctrine provides that a "corporation cannot conspire with its employees, and its employees, when acting in the scope of their employment, cannot conspire among themselves." McAndrew, 206 F.3d at 1036 (quoted in Grider, 618 F.3d at 1261).

The doctrine has also been extended beyond the world of corporations and is also applicable to public entities such as a city and its employees. Denney v. City of Albany, 247 F.3d 1172, 1190-91 (11th Cir. 2001) (holding that where the "only two conspirators identified" were both city employees, the intracorporate conspiracy doctrine barred plaintiffs' § 1985 conspiracy claims) (citing Dickerson v. Alachua Cnty. Comm'n, 200 F.3d 761, 768 (11th Cir. 2000)); see also Rehberg v. Paulk, 611 F.3d 828, 854 (11th Cir. 2010) (stating that "intracorporate conspiracy doctrine bars

conspiracy claims against corporate or government actors accused of conspiring together within an organization"). It has also been applied to claims alleging that "employees of the FDOC" conspired to violate an inmate's constitutional rights "in retaliation for his filing grievances . . . ." Claudio v. Crews, No. 5:13cv345-MP/EMT, 2014 WL 1758106, at *6 (N.D. Fla. May 1, 2014) (dismissing conspiracy claim brought in § 1983 action); see also Briggs v. Hancock, No. 3:13-CV-212-J-39MCR, 2014 WL 5378527, at *9 (M.D. Fla. Oct. 21, 2014) (same). Because all of the named Defendants in this case are employees of the Florida Department of Corrections, Plaintiff's conspiracy claim is barred by the intracorporate conspiracy doctrine.

## RECOMMENDATION

In light of the foregoing, it is respectfully **RECOMMENDED** that Defendants' motion to dismiss, ECF No. 14, be **GRANTED** and Plaintiff's complaint be **DISMISSED** as it fails to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2). It is further **RECOMMENDED** that the Order adopting this Report and

Recommendation direct the Clerk of Court to note on the docket that this cause was dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**IN CHAMBERS** at Tallahassee, Florida, on January 13, 2017.


 S/     Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**


### NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u> If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions.** See **11th Cir. Rule 3-1; 28 U.S.C. § 636.**